**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON LEON BIBBS, | ) Case No. SACV 22-0202-SPG (JPR) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |
| M. MEISER, | ) |
| Defendant. | ) |

On February 7, 2022, Plaintiff, a state prisoner, filed pro se a civil-rights action suing Los Angeles County "deputy sheriff" M. Meiser.[1] (Compl. at 4 (the Court uses the pagination generated by its Case Management/Electronic Case Filing system).) On March 1 and May 5, 2022, the Magistrate Judge dismissed the Complaint and First Amended Complaint, respectively, with leave to amend, finding that their allegations failed to state a claim on which relief might be granted. On June 21, 2022, Plaintiff filed the operative Second Amended Complaint. His claims stem

---

[1] Plaintiff doesn't supply Defendant's full first name.

1

from injuries he allegedly sustained when Defendant handcuffed him in a Los Angeles County jail.

After screening the SAC under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that its allegations fail to state a claim on which relief might be granted. Because Plaintiff has now three times attempted to state a claim and apparently cannot do so, the Court dismisses the SAC without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless it is absolutely clear that deficiencies cannot be cured); Zavala v. Bartnik, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was proper because [plaintiff] was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so.").

## ALLEGATIONS OF THE SAC

On May 11, 2021, Plaintiff, then a pretrial detainee, "was standing in the Los Angeles county jail facility holding tank" and "drinking coffee out of a bottle." (SAC at 6.) "Moments later," Defendant walked in and "demand[ed]" that he "turn around towards a wall and put his hands behind his back, for no reason." (Id.) While he was "comply[ing]," Defendant "simultaneously grab[bed]" Plaintiff's "right wrist while he was turning and closing his bottle lid" and "forcefully shove[d] handcuffs on both of his wrists while pushing them into his back, causing his face and body to hit the wall." (Id.) The handcuffs were "clamped extremely tight around [his] wrist," "causing loss of circulation" for "approximately 2 hours," until they were removed

at "another holding tank."  (Id.)

Plaintiff at some point asked Defendant, "[W]hy did you push me into the wall and handcuff me?"  Defendant replied, "[B]ecause you['re] in jail."  (Id.)  Plaintiff "complained" to Defendant that "his hand was going numb."  (Id.)  Defendant "did not respond."  (Id.)  Plaintiff "requested medical attention" in a grievance the next day, but it "was never responded to."  (Id.)  At the time, he was "suffering ongoing spontaneous nerve pain."  (Id.)

Plaintiff seeks $1 million because of the "punitive, emotional distress, physical pain, and deliberate indifference" "implemented" by Defendant.  (Id. at 8.)

## STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (citation omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008).  In considering whether a complaint states a claim, a court must generally accept as true the factual allegations in it.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed civil-

rights claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**DISCUSSION**

Plaintiff claims that Defendant used excessive force, unreasonably searched him, was deliberately indifferent to his medical needs, and assaulted and battered him.[2] (See SAC at 4,

---

[2] Plaintiff suggests that Defendant also violated his equal-protection rights. (See SAC at 6-7.) But he doesn't allege that he is a member of a protected class or that Defendant handcuffed him or denied medical treatment because of that class. Any such claim therefore fails. See Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (finding that district court properly dismissed equal-protection claim when plaintiff failed to allege that he was member of protected class); Irvin v. Baca, No. CV 03-2565-AHS (CW)., 2011 WL 838915, at *24-25 (C.D. Cal. Jan. 18, 2011) (finding that complaint failed to state equal-protection claim because allegations were conclusory and didn't suggest defendant's conduct was racially motivated), accepted by 2011 WL

4

6-8.)

I.  **Section 1983 Claims**

As the Magistrate Judge explained to Plaintiff, the "Ninth Circuit has allowed excessive force claims based on handcuffing to proceed to the jury where repeated requests to loosen the handcuffs were ignored and the plaintiff suffered some injury." Chambers v. Steiger, No. C14-1678-JCC-MAT, 2015 WL 9872531, at *7 (W.D. Wash. Oct. 29, 2015), accepted by 2016 WL 235764 (W.D. Wash. Jan. 20, 2016); see Alexander v. Cnty. of L.A., 64 F.3d 1315, 1322-23 (9th Cir. 1995) (finding that although question was "close," force may not have been reasonable when officers waited 35 to 40 minutes before adjusting plaintiff's handcuffs after he "repeatedly" complained he was dialysis patient, officer had immediately noticed that plaintiff's "wrist was kind of mushy or soft," and plaintiff's hand was still swollen and numb nine months later).

Such a claim fails, however, if a plaintiff doesn't allege the surrounding circumstances or state that he asked more than once to have the handcuffs loosened. See Salazar v. L.A. Cnty. Sheriff's Dep't, No. CV 17-07686-ODW (DFM), 2021 WL 3438653, at *2 (C.D. Cal. July 6, 2021) (rejecting without leave to amend excessive-force claim because plaintiff didn't allege facts showing how handcuffs caused him pain or injury or how he communicated that to defendants), accepted by 2021 WL 4338946 (C.D. Cal. Sept. 23, 2021); Johnson v. Frauenheim, No. 1:18-cv-01477-AWI-BAM (PC), 2021 WL 5236498, at *8 (E.D. Cal. Nov. 10,

---

835834 (C.D. Cal. Feb. 28, 2011).

2021) (rejecting without leave to amend excessive-force claim because plaintiff didn't allege that he asked defendant "more than once to loosen" handcuffs or that defendant "otherwise knew that the handcuffs were too tight and were causing [p]laintiff to suffer severe pain"), accepted by 2021 WL 5982293 (E.D. Cal. Dec. 17, 2021).

Although Plaintiff "complained" to Defendant that "his hand was going numb" (SAC at 6), he doesn't allege the circumstances at the time — how long he had been wearing the handcuffs, for instance — or even what he said despite the Magistrate Judge's instructions to do so (see Order at 7, May 5, 2022; Order at 5, 8, Mar. 1, 2022). Nor does he allege that he requested more than once to have the handcuffs loosened even though the Magistrate Judge pointed out that Ninth Circuit law requires that the force be purposeful or knowing, which generally means multiple requests. (See Order at 6-7, Mar. 1, 2022.) Indeed, given that Defendant "didn't respond" and might simply not have heard Plaintiff, a constitutional violation could only rest on repeated ignored requests. Cf. Alexander, 64 F.3d at 1323 (holding that jury could find force unreasonable in part because Plaintiff had "repeatedly" requested that handcuffs be loosened but officers didn't do so for 35 to 40 minutes); Nauman v. Bugado, 374 F. Supp. 2d 893, 899-900 (D. Haw. 2005) (finding that officer's conduct may not have been reasonable when officer "did not respond" to plaintiff's "repeated[]" requests to be handcuffed with hands in front of him because shoulder injury prevented him from placing hands behind his back). Because no allegations show that Defendant deliberately ignored more than one request to

loosen handcuffs that were too tight and causing Plaintiff severe pain, his excessive-force claim fails. See Salazar, 2021 WL 3438653, at *2; Johnson, 2021 WL 5236498, at *8.

Plaintiff complains that Defendant "unreasonabl[y] search[ed]" him, violating his 14th Amendment rights. (SAC at 7.) Such a claim, however, arises from the Fourth Amendment, not the 14th. See Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140-47 (9th Cir. 2011) (en banc) (applying Fourth Amendment to pretrial detainee's unreasonable-search claim). At any rate, no specific factual allegations show that Defendant even searched him, much less did so unreasonably. (See, e.g., SAC at 3 (Plaintiff conclusorily alleging in grievance that Defendant "search[ed]" him "for the reason that [he] was in jail").) His unreasonable-search claim fails.[3] See Fed. R. Civ. P. 8(a) (requiring that pleading contain "short and plain statement" of claim "showing that the pleader is entitled to relief"); Hudson v. Palmer, 468 U.S. 517, 527–28 (1984) ("A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order."); Goolsby v. Jenkins, No. 2:15-cv-2477 KJN P, 2016 WL 6135876, at *2 (E.D. Cal. Oct. 21, 2016) (dismissing "vague" and "conclusory" complaint alleging unlawful search).

Finally, any medical-indifference claim fails. As the

---

[3] Plaintiff points to People v. West, 170 Cal. App. 3d 326, 329 (1985). (See SAC at 7.) But that case found that a body-cavity search was reasonable. See West, 170 Cal. App. 3d at 333-34. In any event, Plaintiff nowhere alleges any details concerning any kind of search performed on him.

Magistrate Judge explained, although "[p]retrial detainees in state custody 'have a constitutional right to adequate medical treatment' under the Fourteenth Amendment," J.K.J. v. City of San Diego, 17 F.4th 1247, 1256 (9th Cir. 2021) (quoting Sandoval v. Cnty. of San Diego, 985 F.3d 657, 667 (9th Cir. 2021)), that right "hinges on the officer being 'aware that an inmate is suffering from a serious acute medical condition,'" Hyde v. City of Willcox, 23 F.4th 863, 873 (9th Cir. 2022) (quoting Sandoval, 985 F.3d at 680). Like the FAC, the SAC doesn't allege that Defendant was so aware.

Plaintiff alleges that the day after the incident he was "suffering ongoing spontaneous nerve pain." (SAC at 6.) But as in the Complaint and FAC, he doesn't say how long the pain lasted, state if he requested or received medical treatment before or after May 12, 2021, or otherwise allege any serious injury. (See Order at 8, May 5, 2022 (finding that Plaintiff failed to state medical-indifference claim because he didn't allege such facts).) This dooms any medical-indifference claim. See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (holding that ignoring requests to treat "pains" with over-the-counter medicine wasn't deliberate indifference); James v. Lee, 485 F. Supp. 3d 1241, 1264 (S.D. Cal. 2020) (finding that medical-indifference claim failed because plaintiff didn't allege any "apparent and obvious" "significant injury" from handcuffing and because medical providers prescribed only over-the-counter medicine to treat injuries).

Plaintiff has now had three chances to plead his federal claims and apparently cannot do so. Because it's clear that

amendment would be futile, these claims are dismissed without leave to amend and with prejudice. See Lopez, 203 F.3d at 1130-31; Zavala, 348 F. App'x at 213.

## II. State-Law Claims

Plaintiff's remaining claims are based on state law. (See SAC at 4, 6.)[4] A federal court should generally decline to exercise supplemental jurisdiction over pendent state-law claims if it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Because Plaintiff's federal claims must be dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims.

*********************

The Court has read and accepts the Magistrate Judge's March 1 and May 5, 2022 dismissal orders. For the reasons stated above, it is ORDERED that this action is dismissed with prejudice as to Plaintiff's federal claims and without prejudice as to his

---

[4] If Plaintiff bases these claims on the California Penal Code (see SAC at 6 (citing penal code)), they fail because those statutes don't provide a private right of action. See Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (as amended) (district court properly dismissed claims brought under California Penal Code because state criminal statutes don't create enforceable individual rights).

state-law claims.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: __July 6, 2022__     _____
                            SHERILYN PEACE GARNETT
                            U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge

10